IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:25-cr-124 |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | SENTENCING |
| IAN ANDRE ROBERTS, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Ian Andre Roberts betrayed the public's trust when he falsely claimed citizenship to obtain employment as the Des Moines Public Schools Superintendent. Defendant also unlawfully possessed four firearms as an illegal alien. The Court should sentence him to a top-of-guideline sentence of 37 months in prison.

## I.    PROCEDURAL BACKGROUND

Defendant pleaded guilty to both counts against him: Count 1, False Statement for Employment, in violation of Title 18, United States Code, Section 1546(b)(3); and Count 2, Illegal Alien in Possession of Firearms, in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(8). Presentence Investigation Report, ECF No. 47, ¶ 1 (hereinafter "PSR"). There are no counts to be dismissed. Plea Agreement ¶ 2, ECF No. 35.

Pursuant to the parties' plea agreement, Defendant agreed to forfeit the four firearms listed in the Indictment, which were administratively forfeited. Plea Agreement ¶ 19, ECF No. 35; Notice, ECF No. 46.

There are two outstanding objections to the PSR. The government does not anticipate presenting additional evidence or witnesses at sentencing.

## II.    SENTENCING CALCULATION

### A.    Statutory Maximum and Minimum Sentence

Based on Defendant's plea of guilty to Count 1 (False Statement for Employment), Defendant is subject to a maximum sentence of 5 years in prison, a fine of up to $250,000, and up to a three-year term of supervised release. As to Count 2 (Illegal Alien in Possession of Firearms), Defendant is subject to a maximum sentence of 15 years in prison, a fine of up to $250,000, and up to a three-year term of supervised release. A $100 special assessment per count also applies. PSR ¶¶ 157, 161, 168, 169.

### B.    Disputed Guideline Issues

#### 1.    Defendant's pattern of employment fraud

Defendant objects to the inclusion of a portion of his prior employment in education within the offense conduct statement. *See* PSR ¶¶ 18, 26, 29. First, this conduct is relevant. *See* USSG § 1B1.3. For more than 15 years, Defendant worked in education in the United States, including:

- Between 2008 and 2010, Defendant was employed as a principal at Friendship Academy of Science and Technology in Maryland. PSR ¶ 143 (undisputed).

- Between 2010 and 2014, Defendant was employed as a principal for the Washington, D.C. Public Schools. *Id.* ¶¶ 18, 142.

- Between July 2014 and June 2015, Defendant was employed as the Senior Vice President of the Lighthouse Academies Inc. in Wesley Chapel, Florida. *Id.* ¶¶ 18, 141.

- Between July 2015 and June 2018, Defendant was employed as a school district administrator at the St. Louis, Missouri Public Schools. *Id* ¶¶ 18, 140.

- Between July 1, 2018 and November 4, 2019, Defendant was employed as the Chief Schools Officer for the Aspire Public Schools in Oakland, California. *Id.* ¶¶ 20 (undisputed), 139.

- Between August 2020 and June 2023, Defendant was employed as a superintendent in the Millcreek Township School District in Millcreek Township, Pennsylvania. *Id.* ¶¶ 26, 138.

- Between July 11, 2023 and September 29, 2025, Defendant was employed as the superintendent of the Des Moines Public Schools. *Id.* ¶¶ 29. 137.

Defendant lacked employment authorization for all but 18 months of his 15-year education career. *See id.* He had employment authorization for a brief period as a student, between April 2000 and 2001. *Id.* ¶ 15. While his petitions for lawful permanent residence were pending, he obtained temporary employment status between July 15, 2018, and February 11, 2020. *Id.* ¶¶ 22, 25.

Count 1 charged the resulting conduct Defendant disputes in paragraph 29. To obtain employment as Des Moines Public Schools Superintendent, Defendant provided a Maryland driver's license and a fraudulent social security card[1] and falsely affirmed he was a United States citizen. PSR ¶ 30. It is unknown what documents Defendant presented to satisfy the I-9 requirements for the employment summarized in the remaining disputed paragraphs. What is clear, however, is that time and again Defendant engaged in the same scheme for a single, deliberate purpose: to

---

[1] The social security card was fraudulent because it was counterfeit and not validly issued by the Social Security Administration. PSR ¶¶ 40(b)(iii), 50. It bore the social security number validly assigned to Defendant in 1999. *Id.* ¶ 40(b)(iii), n.8.

fraudulently secure employment in the education field. This constitutes relevant conduct.

Second, Defendant does not dispute the factual accuracy of his past employment. PSR ¶¶ 137–42. Thus, the Court could consider this conduct as other criminal conduct outside the scope of the instant offenses without limitation. *See* 18 U.S.C. § 3661; USSG § 1B1.4.

### 2.   Obstruction of justice was properly considered

Defendant disputes the PSR's inclusion of a discussion about whether Defendant obstructed justice. *See* PSR ¶ 58. This is included within all Presentence Investigation Reports. The paragraph correctly concludes that an enhancement under 3C1.2 is not warranted based on Defendant's flight from law enforcement on the day of his arrest, first in his vehicle and then on foot into a wooded area. *See* USSG § 3C1.2, n.5(D). No changes are warranted.

### C.    Sentencing Guidelines Calculation

The parties agree the PSR correctly calculates the advisory guidelines range in this case as follows:

<u>Count One (False Statement for Employment)</u>

| | |
|---|---|
| USSG §2L2.2(a) (base) | 8 |

<u>Count Two (Illegal Alien in Possession of Firearms)</u>

| | |
|---|---|
| USSG §2K2.1(a)(4)(B) (base) | 20 |
| USSG §2K2.1(b)(1)(A) (3 to 7 firearms) | +2 |
| <u>USSG §3E1.1 (acceptance of responsibility)</u> | −3 |
| Total Offense Level | 19 |
| Criminal History Category | I (0) |
| Guideline Sentencing Range | 30–37 months |

## III.    SENTENCING FACTORS & GOVERNMENT'S RECOMMENDATION

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1.    the nature and circumstances of the offense and history and characteristics of the defendant;
2.    the need for the sentence imposed –
    A.    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B.    to afford adequate deterrence to criminal conduct;
    C.    to protect the public from further crimes of the defendant; and
    D.    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3.    the kinds of sentences available;
4.    the guideline sentencing range;
5.    any pertinent policy statement;

6.    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7.    the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

The government recommends a 37-month sentence of imprisonment. Defendant was entrusted by the community as the Des Moines Public Schools Superintendent. For more than 15 years as an education professional, Defendant cultivated a public image grounded in integrity, leadership, and authenticity.

Yet behind that public image, Defendant engaged in conduct that undermined those values. Defendant had lawful employment authorization for a mere 18-month period of his career in education. PSR ¶¶ 22, 25. And for more than 15 years, Defendant deliberately obtained employment without work authorization at school after school, within state after state. *Id.* ¶¶ 18, 20, 26, 29.

All the while, Defendant knew he was not a citizen. Starting in 2020, while living in Pennsylvania and then Des Moines, Defendant told the United States Citizenship and Immigration Services (USCIS) to send mail to his spouse's address in Texas. *Id.* ¶¶ 25, 32. This was not done for convenience; Defendant used a Texas address so he could protect his public image where he lived and worked and in hopes of avoiding detection. Because he knew he was not a United States citizen, Defendant renewed his Guyana passport in 2019 and 2024. *Id.* ¶¶ 24, 31. And underneath the floormat within his personal vehicle, Defendant kept a copy of the May 2025 order mailed to the Texas address directing that he be removed from the United States to Guyana. *Id.* ¶¶ 32, 44(a)(i). Defendant even obtained a counterfeit social security card

bearing his once validly assigned number and used it during the I-9 employment process for at least the Des Moines Public Schools. *Id.* ¶¶ 30, 40(b)(iii), 50.

Defendant further broke the law when he possessed four firearms as an illegal alien. His possession of these firearms was discovered after he eluded law enforcement in a Des Moines Public School vehicle and then fled on foot before finally surrendering to officers around 250 yards from his abandoned car. PSR ¶¶ 34–39. Underneath the driver's seat, law enforcement located a firearm, affixed with a red dot optic and a pistol light, loaded with 13 rounds of ammunition. *Id.* ¶ 40. Also underneath the driver's seat was an extended firearm magazine containing 29 rounds with a 33-round capacity, a wallet with $3000 in cash, Defendant's Guyana passport, the counterfeit social security card, and an expired employment authorization card. *Id.* ¶¶ 40, 42.

During a search of Defendant's residence and personal vehicles, law enforcement officers located the following firearm-related items:

1.   a loaded and chambered pistol with 16 rounds of ammunition, located in the living room with front door access, underneath a chair cushion, PSR ¶ 44(b);

2.   a loaded and chambered rifle with four rounds of ammunition, located in the primary bedroom closet inside a case, *id.* ¶ 44(c)(i);

3.   a shotgun and 32 rounds of assorted shotgun shells, located in the primary bedroom behind the headboard inside a case, *id.* ¶ 44(c)(ii);

4.   a firearm magazine with 13 rounds of ammunition and, within a shell carrier, 16 rounds of assorted ammunition, located underneath the bed in the primary bedroom, *id.* ¶ 44(c)(iv);

5.    a firearm magazine with ten rounds of ammunition, 58 rounds of assorted ammunition, and three spent shell casings, located in the trunk of a Range Rover, *id.* ¶ 44(a)(ii);

6.    a firearm magazine loaded with 11 rounds of ammunition, located in the trunk of a Ford Mustang, *id.* ¶ 44(a)(i);

7.    106 rounds of assorted ammunition, two firearm magazines, and a rifle cleaning kit, located in the laundry room, *id.* ¶ 44(e); and

8.    A 245-page book titled "Concealed Carry & Home Defense Fundamentals," located in the kitchen, *id.* ¶ 44(d).

*Id.* ¶ 44. The recovery of four firearms, one that was loaded and chambered, numerous additional magazines (including an extended magazine), and over 300 rounds of ammunition, spread out over both Defendant's residence and vehicles is aggravating.

The circumstances surrounding Defendant's acquisition of the four recovered firearms are independently aggravating. Three of the firearms were purchased by his spouse between 2019 and 2023. PSR ¶¶ 46, 47, 49. In 2022, Defendant and his spouse shot firearms at a gun range, and she purchased a pistol, later recovered underneath Defendant's living room chair cushion. *Id.* ¶¶ 44(b), 47. The next day, Defendant declared the pistol on a flight. *Id.* A fourth firearm was purchased by a female in Missouri in 2015, later recovered in Defendant's primary bedroom closet. *Id.* ¶¶ 44(c)(i), 48. Law enforcement located evidence that Defendant flew with this rifle from St. Louis to Des Moines in January 2024. *Id.* This is a separate, serious pattern of conduct. Defendant used others to purchase firearms he could not legally purchase.

Defendant's reputation in the community is both mitigating and aggravating. Defendant will highlight the teachers, students, and education professionals his work

shaped and improved. Nevertheless, Defendant placed his self-interest above the law and the duty he owed the public he served.

Defendant's conduct demonstrates a longstanding and deliberate pattern spanning more than 15 years. A time-served sentence (approximately 8 months) would not reflect the seriousness of his conduct. A sentence below the advisory guidelines range is not appropriate simply because Defendant will be deported after serving his sentence. Imposing a lesser sentence based on post-sentence immigration consequences fails to capture the sentencing aim of deterring future criminal conduct. A sentence at the top of the guideline range reflects the seriousness of Defendant's crimes, promotes respect for the law, and provides just punishment.

WHEREFORE, the government requests the Court consider this sentencing memorandum in determining Defendant's final sentence.

Respectfully submitted,

David C. Waterman
United States Attorney

CERTIFICATE OF SERVICE
I hereby certify that on May 22, 2026,
I electronically filed the foregoing with the
Clerk of Court using the CM ECF system.
I hereby certify that a copy of this document
was served on the parties or attorneys of
record by:
____U.S. Mail _____ Fax _____Hand Delivery
__X__ECF/Electronic filing ____Other means
ASSISTANT UNITED STATES ATTORNEY
By: */s/ MacKenzie Tubbs*

By:    */s/  MacKenzie Tubbs*
       MacKenzie Benson Tubbs
       Assistant United States Attorney
       Neal Smith Federal Building
       210 Walnut Street, Suite 455
       Des Moines, IA 50309
       Tel: (515) 473-9300
       Fax: (515) 473-9292
       Email: mackenzie.benson.tubbs@usdoj.gov